

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERNANDEZ, et. al.

    Plaintiffs,

v.

CARUSO, et. al.,

    Defendants,
_____/

CASE NO. 05-71725-DT
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE
HONORABLE VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

## OPINION AND ORDER TRANSFERRING PLAINTIFFS' CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Eric Hernandez, Philip W. Berryman, James K. Davis, Bryan E. Wood, Kris Brommenschenkel, Richard Shaw, Joseph Nichols, Hal J. Rockwell, Carlos Morton, Nolan Hall, Robert Doyle, Jesus Gonzalez, Charles Milstead, and David Lytal, ("plaintiffs"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, have filed a civil right complaint in this district against a number of defendants pursuant to 42 U.S.C. § 1983. In their joint complaint, plaintiffs claim that a number of their constitutional rights have been violated by the defendants while they were incarcerated at the Carson City Correctional Facility in Carson City, Michigan. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

1

## I. DISCUSSION

In the present case, all of the actions complained of by the plaintiffs took place at the Carson City Correctional Facility in Carson City, Michigan, which is located in the Western District of Michigan. All of the defendants named in the complaint reside in the Western District of Michigan. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811

(E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case appear to have taken place at the Carson City Correctional Facility, which is located in the Western District of Michigan. See Pierce v. Coughlin, 806 F. Supp. 426, 428 (S.D.N.Y. 1992). In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." See Joyner v. District of Columbia, 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(quoting Starnes v. McGuire, 512 F. 2d 918, 931 (D.C. Cir.1974)). In this case, the witnesses and files necessary to prosecute the plaintiffs' claims are located in the Western District and the burden of transporting the plaintiffs to this judicial district would be significant. For these reasons, transfer of this action to the Western District would be proper. See Welch v. Kelly, 882 F. Supp. 177, 180 (D.D.C. 1995). Moreover, the plaintiffs' complaint challenges several system-wide policies of the Michigan Department of Corrections, and therefore, the material events occurred wherever these policies were created. See Boyd v. Snyder, 44 F. Supp. 2d 966, 970-71 (N.D. Ill. 1999). In this case, the complained of policies were promulgated in Lansing, Michigan, which is located in the Western District of Michigan. Because

this was the primary situs of the material events in this case, plaintiffs' choice of forum carries little weight. *Id.* Moreover, because the plaintiffs seek to enjoin further implementation of this policy, "[t]he locus of policy implementation is more relevant than the locus of policy creation" for purposes of venue. *Id.* at 971. Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

HON. R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

DATED: 6/3/05

PURSUANT TO RULE 77(d), FRCvP
COPIES HAVE BEEN MAILED TO:
Eric Hernandez #319791 et al
Carson City Correctional Facility
10522 Boyer Rd
Carson City MI 48811
ON, JUN 3 2005
April Sutton
DEPUTY COURT CLERK

4